# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA PRISON SOCIETY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:97-CV-1731 |
| v. | (JUDGE CAPUTO) |
| HONORABLE EDWARD RENDELL, Governor, Commonwealth of Pennsylvania, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion to Alter, Amend or Correct the Judgment of March 13, 2006 (Doc. 93). For the reasons set forth below, I will grant the motion in part and deny it in part.

## BACKGROUND

On October 16, 1997, Plaintiffs filed a petition for review in the Commonwealth Court of Pennsylvania, challenging the legality of a ballot question scheduled to be submitted to Pennsylvania voters in November 1997. The proposed ballot question read:

> Shall the Pennsylvania Constitution be amended to require a unanimous recommendation of the Board of Pardons before the Governor can pardon or commute the death sentence of an individual sentenced in a criminal case to death or life imprisonment, to require only a majority vote of the Senate to approve the Governor's appointments to the Board, and to substitute a crime victim for an attorney and a corrections expert for a penologist as Board members?

Plaintiffs argued that the ballot question violated various provisions of the United States and Pennsylvania Constitutions.

1

On November 4, 1997, prior to any ruling by the Commonwealth Court, the ballot question was presented to and approved by Pennsylvania voters.  The Court will refer to the resulting changes in the Pennsylvania Constitution as "the 1997 Amendments."

On November 12, 1997, Defendants removed the action to the United States District Court for the Middle District of Pennsylvania.  (Doc. 1.)   Plaintiffs filed an amended complaint on January 5, 1998.  (Doc. 9.)  On January 15, 1998, the Court granted a joint motion to remand the state law claims and to stay the federal claims pending resolution of the state law claims.  (Doc. 11.)   While the Commonwealth Court found for Plaintiffs, Defendants prevailed upon appeal.  *See Pennsylvania Prison Soc. v. Commonwealth,* 727 A.2d 632, 635 (Pa. Commw. Ct. 1999), *rev'd,* 776 A.2d 971 (Pa. 2001).

Plaintiffs filed a second amended complaint on July 29, 2002.  (Doc. 22.) Plaintiffs alleged that the 1997 amendments violate the following provisions of the United States Constitution: the rights of life prisoners and prisoners under death sentence under the Due Process Clause (Count I); the *Ex Post Facto* Clause (Count II); the Equal Protection Clause (Count III); Pennsylvania voters' rights under the Due Process Clause (Count IV); the Eighth Amendment (Counts V and VI); and the Guarantee Clause (Count VII).  Plaintiffs also brought claims under the Pennsylvania Constitution (Counts VII and VIII).

Defendants moved to dismiss Plaintiffs' second amended complaint on August 12, 2002.  (Doc. 24.)  On March 6, 2003, the Court issued a memorandum opinion granting Defendants' motion in part, and denying Defendants' motion in part.  (Doc. 43.) The Court dismissed Counts III, IV, V, VI, VII and VIII, as well as the portion of Count I

regarding the due process rights of inmates with life sentences. The Court denied Defendants' motion to dismiss the due process claims of inmates under death sentences, as well as Defendants' motion to dismiss Plaintiffs' claim under the *Ex Post Facto* Clause.

Both parties filed motions for reconsideration of the Court's March 6, 2003 memorandum opinion. (Docs. 44, 47.) On May 5, 2003, the Court issued a memorandum opinion denying Plaintiffs' motion and granting Defendants' motion in part, and denying Defendants' motion in part. (Doc. 52.) The Court determined that Plaintiffs are not entitled to present facts in support of an argument that individual members of the Board of Pardons ("Board") are biased, but allowed Plaintiffs to pursue the argument that the inclusion of a crime victim on the Board impermissibly introduces decision-maker bias into the parole process. *Id.*

On August 19, 2005, Plaintiffs filed a Motion for Summary Judgment (Doc. 80) and a misfiled Brief in Support (Doc. 81). Following instructions from the Court to refile, on August 23, 2005, Plaintiffs filed an Amended Motion for Summary Judgement (Doc. 82) and Brief in Support (Doc. 83). That same day, Plaintiffs previous filings were terminated by the Court. Then, on September 13, 2005, Defendants filed a Motion for Summary Judgement (Doc. 84) and Brief in Support (Doc. 85). The parties also drafted a Stipulations of Fact (Doc. 86-2).

On March 13, 2006, the Court issued a memorandum opinion ("March 13th Order") (Doc. 91) addressing the cross motions for summary judgement, in which the Court granted both motions in part and denied them in part. The Court determined that Defendants' were entitled to summary judgment with regard to Plaintiffs' remaining due process claims, as well as Plaintiffs' *Ex Post Facto* claims concerning the inclusion of a

3

crime victim on the Board. With regard to Plaintiffs' *Ex Post Facto* claim concerning the change in voting requirements for the Board, as applied to life-sentenced prisoners, the Court determined that Plaintiffs' were entitled to summary judgment.

On March 29, 2006, Plaintiffs filed the present motion to alter, amend or correct the Court's March 13th Order. (Doc. 93.) This motion is fully briefed and ripe for disposition.

## DISCUSSION

Plaintiffs request that the Court alter, amend or correct the judgment entered by the Court in its March 13th Order pursuant to Rule 60(a), or alternatively Rule 59(e), of the Federal Rules of Civil Procedure.

Under Rule 60(a) the Court may correct, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission. . . ." Fed. R. Civ. P. 60(a); *see, e.g., Perez v. Cucci*, 932 F.2d 1058, 1059 (3d Cir. 1991).

The purpose of a motion under Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Subsequently, a court may grant a motion to alter or amend a judgment if the party seeking reconsideration "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In the present case, Plaintiffs argue that: (1) the Court did not address Plaintiffs' request for relief as it pertained to death-sentenced prisoners; (2) the Court did not

4

address Plaintiffs' request for injunctive relief; and (3) the Court did not address Plaintiffs' request for attorneys' fees and costs.  For the following reasons, I will grant Plaintiffs' motion in part and deny it in part.

**1.      Death-sentenced Inmates**

Plaintiffs, first, argue that the Court's March 13th Order failed to discuss why its reasoning would not also apply to death-sentenced individuals.  In particular, Plaintiff's argue that the a death-sentenced prisoner would have the exact same *ex post facto* argument as would a life-sentenced prisoner.  Although Plaintiffs' arguments may be identical for death-sentenced prisoners and life-sentenced prisoners, the evidence submitted by the Plaintiffs regarding whether those prisoners were disadvantaged by the change in law is not.

As the Court noted in its March 13th Opinion, the *ex post facto* inquiry has two prongs: (1) whether there was a change in the law or policy which has been given retrospective effect, ***and*** (2) **whether the offender was disadvantaged by the change**. *Richardson v. Pa. Bd. of Prob. & Parole*, 423 F.3d 282, 287-88 (3d Cir. 2005) (citing *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

The mere application of the 1997 amendments is not a *per se* violation of the Ex Post Facto Clause, and it is not sufficient for Plaintiffs to show that the Board will rely on the new law.  Rather, Plaintiffs must also adduce some evidence that this new law disadvantages those prisoners to which the 1997 amendments will be applied by creating "a significant risk of increasing [their] sentences." *Garner v. Jones*, 529 U.S. 244, 255 (2000).  The Supreme Court has encouraged an analysis of the factual record in making this determination. *See id.* at 509-513.

With regard to life-sentenced prisoners, the Court noted:

> The 1997 amendments may not have affected the percentage of inmates who are ultimately granted commutation, however, ***it is clear from the evidence submitted by the parties*** that the amendments have significantly reduced the likelihood of a life sentenced inmate receiving a recommendation by the Board for commutation. Particularly, prior to the passage of the 1997 amendments it was possible for a life sentenced inmate to receive a recommendation for commutation on a less than unanimous vote *and* such recommendations did result in commutation in some cases; this possibility is completely foreclosed following application of the 1997 amendments. Furthermore, ***it is clear from the evidence submitted by the parties*** that in almost eight years following the passage of the 1997 amendments, the total number of recommendations by the Board for commutation for life sentenced prisoners is significantly lower than the number of recommendations in the eight years prior to the amendments' passage.

(Doc. 91, at 14-16) (emphasis added).

Plaintiffs, however, did not offer similar evidence, statistical or otherwise, with respect to the inclusion of a crime victim on the Board or the effect of the voting requirements on death-sentenced prisoners.[1] As with Plaintiffs' claims concerning the inclusion of a crime victim on the Board, the Court cannot adequately determine if the change in voting requirements has created a "significant risk" of increasing a death-sentenced inmate's punishment, absent evidence so demonstrating.

---

[1] The only evidence submitted regarding death-sentenced prisoners states:

> There have been no Board considered applications for pardon or commutation by individuals sentenced to death since at least 1967.

(Doc. 86-2, ¶ 3.)

Moreover, as the Court noted previously, the Third Circuit Court of Appeals has emphasized that the key question in its *ex post facto* analysis is whether "the change affected the petitioner's *own* sentence detrimentally." *Richardson v. Pa. Bd. of Prob. & Parole*, 423 F.3d 282, 291 (3d Cir. 2005) (citing *Mickens-Thomas*, 321 F.3d at 393) (emphasis in original).  In addressing this requirement in regard to life-sentenced prisoners, the Court noted:

> In the present case, Plaintiffs have demonstrated that the 1997 amendments apply to all applicants for commutation, and that the changes created by the 1997 amendments, clearly disadvantage the applicants.  ***Further, Plaintiffs have offered statistical analysis relating to practices before and after the change in law***, which demonstrates that recommendations by the Board on a less than unanimous vote were approved by the Governor and resulted in commutations prior to the 1997 amendments.
> * * *
> The *evidence* offered by the Plaintiffs is sufficient to demonstrate individual disadvantage as required by the Third Circuit Court of Appeals in *Richardson*.

(Doc. 91, at 17-18) (emphasis added).  Plaintiffs failed to offer similar evidence with respect to death-sentenced individuals.  Although each individual inmate need not demonstrate that s/he would have received a less than unanimous vote by the Board in order to warrant relief, *some* evidence from which the Court can deduce individual disadvantage is necessary.

Therefore, the Court will not expand its determination (that the retroactive application of the 1997 Amendments changes in the voting requirements of the Board, to life-sentenced prisoners seeking commutation, violates the *Ex Post Facto* Clause) to include death-sentenced individuals.  As such, Plaintiffs' motion will be denied in this respect.

**2.    Declaratory Relief**

Plaintiffs seek a more explicit grant of the declaratory relief awarded in the Court's March 13th Order. Defendants argue that Plaintiffs' proposed declaration is potentially misleading. For the following reasons, I will deny Plaintiffs' request.

The Court's March 13th Order clearly states that retroactively applying changes (that adversely affect the length of punishment for life-sentenced prisoners seeking commutation) in the voting requirements of the Board of Pardons, *i.e.* from requiring a majority vote to requiring unanimity, following the 1997 Amendments (effective November 4, 1997), violates the *Ex Post Facto* Clause of the United States Constitution. Further articulation of the Court's declaratory relief is unnecessary.

**3.    Injunctive Relief**

>   **i.    Permanent Injunction - All Persons Convicted of a Crime Committed On or After November 4, 1997.**

Plaintiffs seek a permanent injunction against the enforcement or application of the unanimous vote requirement of the 1997 Amendments to *all* persons convicted of a crime committed on or after November 4, 1997. Defendants, correctly, argue that the Plaintiffs seek injunctive relief on behalf of prisoners who are not parties to this action.

The Court's declaratory relief adequately addresses the legality of the 1997 Amendments as applied to all effected individuals, and the Court will not grant injunctive relief relating to parties not before the Court. As such, Plaintiffs' motion will be denied with respect to a permanent injunction.

>   **ii.    Cases Heard by the Board of Pardons between November 4, 1997, and March 13, 2006.**

Plaintiffs, next, seek an injunction against the Secretary of the Board of Pardons,

requiring him to forward to the Governor all applications of life-sentenced individuals, sentenced prior to November 4, 1997, which were voted on by the Board since November 4, 1997, and which received a majority (but less than unanimous) vote. Further, Plaintiffs seek an injunction against the Secretary of the Board of Pardons, requiring him to file with the Court a sworn statement outlining the steps taken to comply with the Court's Order. Defendants, correctly, argue that the Secretary of the Board of Pardons is not a defendant in this action.

Again, the Court's declaratory relief adequately addresses the legality of the 1997 Amendments as applied to all effected individuals and the Court will not grant an injunction against an individual who is not a party before the Court.

Furthermore, the Court notes that both parties to this action agree that only two presently living individuals have been recommended for commutation by a majority but less than unanimous Board vote since November 4, 1997. The Court is fully confident that the rights of these two individuals can be adequately addressed through available means, and I will not grant an injunction beyond the scope of the present litigation.

## 4.    Attorney's Fees

Plaintiff was not, and will not be, barred from filing a motion for attorney's fees and costs consistent with Rule 54(d) of the Federal Rules of Civil Procedure, "no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B). The Court will deem the present Order to constitute an applicable entry of judgment, and Plaintiffs will be allowed fourteen (14) days in which to file a motion for attorney's fees and costs. As such, Plaintiffs' motion will be granted in this regard.

**CONCLUSION**

First, Plaintiffs failed to submit evidence from which the Court could determine that the change in voting requirements for the Board following the 1997 Amendments created a "significant risk" of increasing a death-sentenced inmate's punishment.  Further, Plaintiffs failed to submit evidence from which the Court could deduce individual disadvantage to death-sentenced individuals. Therefore, the Court will not expand its determination (that the retroactive application of the 1997 Amendments changes in the voting requirements of the Board, to life-sentenced prisoners seeking commutation, violates the *Ex Post Facto* Clause) to include death-sentenced individuals.  As such, Plaintiffs' motion will be denied in this respect.

Second, further articulation of the Court's declaratory relief granted in its March 13th Order is unnecessary.  As such, Plaintiffs' motion will be denied with respect to Plaintiffs' request for a more explicit grant of the declaratory relief

Third, the Court's declaratory relief adequately addresses the legality of the 1997 Amendments as applied to all effected individuals, and the Court will not grant injunctive relief relating to parties not before the Court.  As such, Plaintiffs' motion will be denied with respect to a permanent injunction.

Finally, Plaintiff was not, and will not be, barred from filing a motion for attorney's fees and costs consistent with Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiffs will be allowed fourteen (14) days from the date of this Order in which to file a motion for attorney's fees and costs.  As such, Plaintiffs' motion will be granted in this regard.

An appropriate Order will follow.


 June 12, 2006                                              /s/ A. Richard Caputo                
Date                                                        A. Richard Caputo
                                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA PRISON SOCIETY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HONORABLE EDWARD RENDELL, Governor, Commonwealth of Pennsylvania, et al., <br><br> Defendants. | NO. 3:97-CV-1731 <br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this   12th   day of June, 2006, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter, Amend or Correct the Judgment of March 13, 2006 (Doc. 93) is **DENIED in part** and **GRANTED in part**:

  i.  Plaintiffs' motion is **GRANTED** with respect to permission to file a motion for attorneys fees and costs.

   (a)  Plaintiffs will be allowed **fourteen (14) days** from the date of this Order in which to file a motion for attorney's fees and costs.

  ii.  Plaintiffs' motion is **DENIED** in all other respects.

 /s/ A. Richard Caputo
 A. Richard Caputo
 United States District Judge