# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA PRISON SOCIETY, et al.<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>HONORABLE EDWARD RENDELL, Governor, Commonwewalth of Pennsylvania, et al.,<br><br>　　　Defendants. | CIVIL ACTION NO. 1:CV-97-1731<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Motion for Reconsideration of Defendants the Honorable Edward G. Rendell, et al. (Doc. 112.)  Defendants move the Court to reconsider its Order of August 21, 2006 (Doc. 110) which granted Plaintiffs' Motion for Attorney Fees and Costs and Plaintiffs' Motion for Attorney Fees and Expenses. Because an intervening decision of the Third Circuit Court of Appeals vacated the Memorandum and Order of March 13, 2006 (Doc. 91), on which Plaintiffs' motion for attorneys' fees was based, I will grant Defendants' motion.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## **BACKGROUND**

Plaintiffs, Pennsylvania Prison Society et al., brought this action to challenge the 1997 amendment to Article IV, § 9 of the Pennsylvania Constitution, which changed the composition and certain procedures of the Pennsylvania Board of Pardons, as violative of

the Federal Constitution and the Pennsylvania Constitution.  In my Memorandum and Order of March 13, 2006 (Doc. 91), I granted in part and denied in part Defendants' Motion for Summary Judgment (Doc. 84) and granted in part and denied in part Plaintiffs' Amended Motion for Summary Judgment (Doc. 82).  Plaintiffs then filed a motion to Amend or Correct the order (Doc. 93), which I denied except to the extent that I allowed Plaintiffs to file a motion for attorneys fees.  (June 12, 2006, Mem. & Order, Doc. Doc. 98.)  On July 11, 2006, Plaintiffs filed a Notice of Appeal (Doc. 103) and Defendants filed a Notice of Cross Appeal (Doc. 105).

Before the parties filed their notices of appeal, on July 6, 2006, Plaintiffs filed two (2) motions for attorneys' fees, one on behalf of Berger & Montague, P.C. (Doc. 101) and another on behalf of the Law Offices of Gerald C. Grimaud (Doc. 102).  As these motions were unopposed, I granted them by Order of August 21, 2006 (Doc. 110), awarding the requested amounts of one hundred seventy-eight thousand, two hundred eighty-six dollars and twenty cents ($178,286.20) to Berger & Montague and forty-seven thousand, four hundred ninety-one dollars and sixty-one cents ($47,491.61) to Gerald C. Grimaud.  On September 5, 2006, Defendants filed the present motion for reconsideration of the Order granting Plaintiffs' motions for attorneys' fees.  (Doc. 112.)  Their motion is fully briefed and ripe for disposition.

In the time since Defendants' motion for reconsideration was filed, the Third Circuit Court of Appeals issued an opinion in this case.  *See Pa. Prison Soc'y v. Cortes*, 508 F.3d 156 (3d Cir. 2007).  The Court of Appeals ordered that this Court's Memorandum and Order of March 13, 2006 (Doc. 91), be vacated, dismissed both parties' appeals without prejudice, and remanded the case to this Court "for further proceedings

2

consistent with the Opinion of this Court to develop the record in order to determine plaintiffs' standing to bring this action." (Judgment, Doc. 116.)

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck,* 56 F. Supp. 2d 502, 504

(M.D. Pa. 1999).

**DISCUSSION**

After the Supreme Court's decision in *White v. New Hampshire Dep't of Enployment Sec.*, 455 U.S. 445 (1982) (holding that motion for attorney's fees is not a motion to alter or amend a judgment which must be brought within ten (10) days of a final judgment, in part because "[r]egardless of when attorney's fees are requested, the court's ... inquiry ... cannot even commence until one party has 'prevailed'"), "some courts ... have written their local rules to delay submission of motions for attorney fees until the appeals process is complete.  The reason ... is ... because of the wasted effort if a trial court spends a lot of time evaluating attorney time and fees only to have the court of appeals reverse the merits of the appeal and thereby make no fees recoverable." *Gorman v. Coogan*, 324 F. Supp. 2d 171, 174 n.5 (D. Me. 2004).

Because the decision of the Third Circuit Court of Appeals vacated my Memorandum and Order of March 13, 2006, and remanded for further proceedings, neither party can now be characterized as a "prevailing party."  It remains true that Defendants neglected to oppose Plaintiffs' motion for attorney's fees at the time it was initially filed and that a motion for reconsideration may not be used to raise new arguments that could have been raised prior to entry of judgment.  Defendants, however, sought reconsideration in order "to prevent manifest injustice," (Br. in Supp., Doc. 115, at 3 (quoting *Max's Seafood Café,* 176 F.3d at 677)), stating that the only reason they did not timely oppose Plaintiffs' motions was their belief that this Court would not rule on

those motions because of the then-pending appeals to the Third Circuit Court of Appeals. (Doc. 112, at 3-4.)  They held this belief because, they contended, it was the practice of this and other district courts to *sua sponte* stay or dismiss without prejudice fee petitions when appeals on the merits are pending.  (*Id.*)   "Counsel believed that the issues of whether and to what extent plaintiffs could be considered ultimately 'prevailing parties' could not be determined until the Third Circuit heard the appeal," and that regardless of any oversight on the part of Defendants' counsel, it would be manifestly unjust to preclude Defendants from arguing the merits of Plaintiffs' attorney's fees award.  (*Id.* at 3.)  Defendants argued that the Court's award of fees "was premature and should be vacated."  (*Id.* at 4.)

Whatever merit this "manifest injustice" argument might have had at the time Defendants filed their motion for reconsideration, it is magnified now that the Court of Appeals has vacated my underlying decision on the merits.  Therefore, to prevent manifest injustice, I will grant Defendants' motion for reconsideration and dismiss without prejudice Plaintiffs' motions for attorney's fees.

## CONCLUSION

For the reasons set forth above, I will grant Defendants' motion.

An appropriate order follows.

| | |
|---|---|
| February 29, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA PRISON SOCIETY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HONORABLE EDWARD G. RENDELL, Governor, Commonwealth of Pennsylvania, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:CV-97-173 <br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this  29th  day of February, 2008, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion (Doc. 112) for Reconsideration of the Order of August 21, 2006 (Doc. 110) is **GRANTED**.

(2) Plaintiffs' Motions for Attorney's fees (Docs. 101 and 102) are hereby dismissed without prejudice.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge