**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA PRISON SOCIETY, et al. | CIVIL ACTION NO. 1:CV-97-1731 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| HONORABLE EDWARD RENDELL, Governor, Commonwewalth of Pennsylvania, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration (Doc. 125) of paragraph one (1) of this Court's Order of December 11, 2007 (Doc. 124), which denied Plaintiffs' request to permit intervention.  Because Plaintiffs have pointed to no intervening change in controlling law, new evidence, clear error of law or fact, or need to prevent manifest injustice, I will deny Plaintiffs' motion.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiffs, Pennsylvania Prison Society et al., brought this action to challenge the 1997 amendment to Article IV, § 9 of the Pennsylvania Constitution, which changed the composition and certain procedures of the Pennsylvania Board of Pardons, as violative of the Federal Constitution and the Pennsylvania Constitution.  In my Memorandum and Order of March 13, 2006 (Doc. 91), I granted in part and denied in part Defendants'

Motion for Summary Judgment (Doc. 84) and granted in part and denied in part Plaintiffs'

Amended Motion for Summary Judgment (Doc. 82).  On appeal, the Third Circuit Court of

Appeals held that this Court may not have had jurisdiction to decide the merits of the

case. *Pennsylvania Prison Soc'y v. Cortes*, 508 F.3d 156, 158 (3d Cir. 2007).  The Court

of Appeals ordered that this Court's Memorandum and Order of March 13, 2006 (Doc.

91), be vacated, dismissed both parties' appeals without prejudice, and remanded the

case to this Court "for further proceedings consistent with the Opinion of this Court to

develop the record in order to determine plaintiffs' standing to bring this action."

(Judgment, Doc. 116.)

     In light of the Court of Appeals' order, the Court ordered a conference call between

the Court and the parties "to discuss the status of this case," and this call was held on

December 10, 2007.  (*See* Order, Dec. 4, 2007, Doc. 119; Order, Dec. 7, 2007, Doc.

121.)  One of the issues discussed was Plaintiffs' request that the Court permit other

potential plaintiffs to intervene in the case.  By Order of December 11, 2007, the Court

held that "no intervention will be permitted at this point in the proceedings."  (Doc. 124, at

1.)  Plaintiffs now move the Court to reconsider this decision.  Their motion is fully briefed

and ripe for disposition.


### LEGAL STANDARD

     A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of

Civil Procedure, which allows a party to move to alter or amend a judgment within ten

days of entry. FED. R. CIV. P.  59(e).  The purpose of a motion for reconsideration is to

correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

Contrary to Plaintiffs' contention, the Court did not "enter an order without any pending motion denying intervention in *all* circumstances."  (*See* Pl.'s Br. in Supp., Doc. 126, at 4.)  The Order was entered on Plaintiff's pending oral motion that the Court allow and establish some procedural guidelines regarding intervention.

Additionally, Plaintiff has not demonstrated that I committed clear error of law in applying the Third Circuit Court of Appeals cases cited in the Order.  Indeed, Plaintiffs' analysis of those cases demonstrates at most that this Court has *discretion* to treat the pleading of an intervenor as a separate action to adjudicate the claims raised by the intervenor, where doing so would "avoid the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are."  *See Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965) (internal quotation marks omitted); *see also McCay v. Heyison*, 614 F.2d 899, 907 (3d Cir. 1980).  Plaintiffs could have made arguments in favor of such a discretionary act at the time of their request, but in a motion for reconsideration, they may not reargue matters already decided or raise new arguments that could have been earlier raised.

Further, the December 11, 2007 order did not  "purport[] to adjudicate the rights of absent parties without a hearing," or have "the effect of denying motions to intervene before they are filed." (*See* Pl.'s Br. in Supp., Doc. 126, at 3-4.)  In deciding, at this time, to analyze the standing of only party plaintiffs, which is the task the Third Circuit Court of Appeals directed this Court to undertake, I did not make any decision regarding motions to intervene that may be filed in the future.  The Order simply provided that "no intervention will be permitted *at this point in the proceedings*." (Doc. 124 (emphasis added).)  Plaintiffs have thus not demonstrated that any clear error of law or need to prevent manifest injustice merits granting their motion for reconsideration.

## CONCLUSION

For the reasons set forth above, I will deny Plaintiffs' motion.

An appropriate order follows.


May 27, 2008                                      /s/ A. Richard Caputo
Date                                              A. Richard Caputo
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PENNSYLVANIA PRISON SOCIETY, et al.,

     Plaintiffs,

          v.

HONORABLE EDWARD G. RENDELL, Governor, Commonwealth of Pennsylvania, et al.,

     Defendants.

CIVIL ACTION NO. 1:CV-97-1731

(JUDGE CAPUTO)

## ORDER

    **NOW**, this ___27th___ day of May, 2008, **IT IS HEREBY ORDERED** that Plaintiffs'

Motion (Doc. 125) for Reconsideration of the Order of December 11, 2007 (Doc. 124) is

**DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge